IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| JOSEPH VIDENICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-6116 |
| | ) |
| ALLEN & WITHROW, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, JOSEPH VIDENICH, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, ALLEN & WITHROW, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOSEPH VIDENICH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hot Springs, County of Garland, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to UAMS Medical Center (hereinafter, "the Debt").

Page 1 of 8

6. The debt that Plaintiff allegedly owed to UAMS Medical Center was a putative debt originating from nine (9) separate medical bills (hereinafter, "the Debt").

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ALLEN & WITHROW, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of Arkansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about June 11, 2014, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff. (A true and exact copy of Defendant's correspondence is attached hereto as **Exhibit A**).

15. The aforesaid correspondence was Defendant's initial communication with Plaintiff regarding the Debt.

16. The aforesaid correspondence stated that Defendant "has been retained by UAMS Medical Center to collect from you the sum of $6,878.59, ***by lawsuit if necessary***." (Emphasis added).

17. Defendant's correspondence to Plaintiff dated June 11, 2014, did not state that it would file a lawsuit to collect on the Debt "if possible," "if plausible," "if applicable."

18. Defendant's correspondence dated June 11, 2014, further stated: "Contacting my office either by telephone or by mail ***may*** avoid a lawsuit and the addition of court costs and attorney fees caused by litigation." (Emphasis added).

19. The foregoing statements, in conjunction with the fact that Defendant is a law firm, had the effect of conveying to an unsophisticated consumer that Defendant was authorized to, had the intent to, and the ability to file a lawsuit against Plaintiff to collect the Debt.

20. The foregoing statements had the effect of conveying to an unsophisticated consumer that even if they were to contact Defendant, said action may not stop a lawsuit being filed against them, thus reinforcing the threat of impending legal action.

21. Plaintiff was unfamiliar with the Debt as Plaintiff's wife had been responsible for the finances for the family; Plaintiff's wife passed away on March 22, 2014.

22. Shortly after receiving Defendant's correspondence dated June 11, 2014, Plaintiff sent a correspondence to Defendant requesting clarification of the Debt.

23. On or about July 9, 2014, Defendant sent correspondence to Plaintiff dated July 9, 2014, which identified nine (9) separate medical bills that comprised the Debt.

24. According to Defendant's correspondence of July 9, 2014, the Debt comprised the following:

    i.    $27.08 incurred on September 21, 2007

    ii.    $2,284.11 incurred on February 28, 2009

    iii.    $453.36 incurred on January 31, 2009

    iv.    $224.38 incurred on May 31, 2008

    v.    $1,729.73 incurred on April 30, 2008

    vi.    $171.88 incurred on April 30, 2013

    vii.    $1,551.30 incurred on June 30, 2013

    viii.    $331.80 incurred on May 31, 2013

    ix.    $105.45 incurred on July 31, 2013

25. Each of the nine (9) bills that comprised the Debt were for bills allegedly incurred by Plaintiff for medical treatment.

26. Pursuant to Arkansas Code §16-56-106(b): *"No action shall be brought to recover charges for medical services performed or provided after March 31, 1985, by a physician or other medical service provider after the expiration of a period of two (2) years from the date the services were performed or provided or from the date of the most recent partial payment for the services, whichever is later."*

27. As of the date of Defendant's correspondence to Plaintiff dated June 11, 2014, five (5) of the nine (9) medical bills that comprised the Debt were outside the limitations period for the collection of medical debts.

28. In its original correspondence to Plaintiff dated June 11, 2014, in which Defendant attempted to collect the total amount of the nine (9) medical bills comprising the Debt, Defendant stated: "This letter has been sent on behalf of this firm and out client. An attorney has not, nor will, review the details of your account status and/or file, unless you so request."

29. Upon information and belief, prior to mailing the June 11, 2014 correspondence to Plaintiff, and despite threatening impending legal action, no attorney from Defendant had reviewed Plaintiff's Debt to discern whether a lawsuit could be brought to recover the Debt.

30. Upon information and belief, prior to mailing the June 11, 2014 correspondence to Plaintiff, and despite threatening impending legal action, no attorney from Defendant had reviewed Plaintiff's Debt to discern whether the Debt fell within the applicable statute of limitations such that a viable complaint could be filed against Plaintiff.

31. Upon information and belief, prior to mailing the June 11, 2014 correspondence to Plaintiff, and despite threatening impending legal action, no attorney from Defendant had reviewed Plaintiff's Debt to discern whether the Debt fell within any exceptions to statute of limitations delineated in Arkansas Code §16-56-106(b).

32. Upon information and belief, prior to mailing the June 11, 2014 correspondence to Plaintiff, and despite threatening impending legal action, no attorney from Defendant had reviewed Plaintiff's Debt to discern whether Defendant would be entitled to recover its attorney fees, as represented, by the filing of a lawsuit against Plaintiff.

33. Defendant's representations, in its correspondence to Plaintiff dated June 11, 2014, as delineated above, were false, deceptive and misleading given that Defendant did not have the requisite intent, authority and/or knowledge sufficient to represent to Plaintiff that it was going to file a lawsuit against him.

34. Defendant's representations, in its correspondence to Plaintiff dated June 11, 2014, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that certain amounts of the Debt were outside the statute of limitations for the collection of a debt by lawsuit.

35. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

36. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

37. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

38. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

39. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally proceed a lawsuit against Plaintiff because the statute of limitations had run on a least part of the Debt.

40. Further, in its correspondence to Plaintiff dated June 11, 2014, Defendant stated: "This debt will be assumed to be valid unless you dispute the validity of the debt..."

41. According to 15 U.S.C. §1692g(a)(3), Defendant is under an obligation to inform consumers such as Plaintiff that if they do not dispute the validity of the debt, the debt will be assumed to be valid ***by the debt collector*****.**" (Emphasis added).

42. By omitting the language "by the debt collector" or similar from its notice to Plaintiff, combined with its threat of an impending lawsuit, Defendant's correspondence had the effect of conveying to an unsophisticated consumer that the debt would be assumed to be valid by the court in which the putative and threatened lawsuit was going to be filed.

43. In its attempts to collect the debt allegedly owed by Plaintiff to UAMS Medical Center, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH VIDENICH, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOSEPH VIDENICH**

By *[signature]*
David M. Marco
Attorney for Plaintiff

Dated: October 17, 2014

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com